IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EUGENE ERICKSON, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:04-CV-2069-K (BH) |
| | ) | ECF |
| UNION BANK OF TEXAS, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendants. | ) | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

Plaintiff, a former inmate in the Texas prison system, filed the instant action pursuant to 42 U.S.C. § 1983.[1] (Am. Compl. at 1.) He sues Union Bank of Texas (Union Bank or the Bank) and its employee "Officer Childree" of the Richardson Police Department for events related to his arrest on April 21, 2004. (*Id.* at 3-4.) He specifically sues Officer Childree for alleged use of excessive force and Union Bank for its failure to supervise Officer Childree's security duties. (*Id.* at 3.) He also sues former Dallas County Sheriff Jim Bowles for allowing him to be held incarcerated without proper medical treatment for his fractured elbow.[2] (*Id.* at 3 and attached page.) In addition, he sues

---

[1] Plaintiff's original complaint indicated that 28 U.S.C. § 1343 provides the jurisdictional basis for this action. (Compl. at 1.) Section 1343(3) is the "jurisdictional counterpart to § 1983." *Dennis v. Higgins*, 498 U.S. 439, 446 n.5 (1991).

[2] Although Mr. Bowles is no longer Sheriff of Dallas County, the Court will continue to refer to him in that capacity because that was his position at the time of the alleged events leading to this litigation.

Parkland Health and Hospital (the Hospital) for negligence. (*Id.*) He seeks monetary damages. (*See id.* at 4.)

On December 6, 2004, the Court granted plaintiff permission to proceed with this action *in forma pauperis*; and in an effort to flesh out his complaint, the Court sent him a Magistrate Judge's Questionnaire (MJQ).³ In his answers to the MJQ, plaintiff clarifies that his claims against Officer Childree relate to his arrest after he attempted to cash a forged check. (*See* Answers to Questions 5 and 10 of MJQ.) He clarifies that he names Sheriff Bowles as a defendant solely due to his position and status as Sheriff. (*See* Answer to Question 12 of MJQ.) He further clarifies that he sues the Hospital because it neglected to provide medical care after he was diagnosed with a fractured elbow by Dr. Mehia of the Richardson Regional Medical Center. (*See* Answer to Question 15 of MJQ.) He indicates that an unidentified nurse at the Dallas County Jail was the only individual at the jail who knew of his injured elbow, and that she acted negligently, not with deliberate indifference. (*See* Answers to Questions 16-18 of MJQ.)

Plaintiff seeks monetary damages in this action. (Compl. at 4.) No process has been issued in this case.

## II. PRELIMINARY SCREENING

When plaintiff filed the instant action he was a prisoner in the Hutchins State Jail. As a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578,

---

³ Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

2

579-80 (5th Cir. 1998). Because he is proceeding *in forma pauperis*, plaintiff's complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. *See id.*

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

### III. SECTION 1983 RELIEF

Plaintiff seeks relief under 42 U.S.C. § 1983 for acts and omissions related to his arrest on April 21, 2004, and subsequent incarceration. Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999). "Plaintiffs who assert claims under 42 U.S.C. § 1983 and other civil rights statutes . . . must plead the operative facts upon which their claim is

3

based. Mere conclusory allegations are insufficient." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987).

**A. Deprivation of Right**

Plaintiff alleges that defendant Childree fractured his elbow by using excessive force during his arrest. He alleges that Union Bank, Childree's employer, failed to supervise the officer regarding his use of excessive force. He alleges that Sheriff Bowles allowed him to be incarcerated in the Dallas County Jail without proper medical attention for his fractured elbow. He sues the Hospital for negligence, and also indicates that a nurse at the Dallas County Jail acted negligently.

Because plaintiff's claims against the defendant Hospital and unnamed nurse of the Dallas County Jail are based solely on negligence, he has not adequately alleged that either of them deprived him of a right secured by the Constitution or laws of the United States. "Section 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of [state] tort law." *Baker v. McCollan*, 443 U.S. 137, 146 (1979). Mere negligence is not actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (concluding that "the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property"); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (stating that "[r]espondents' lack of due care . . . simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent"); *Lemoine v. New Horizons Ranch & Ctr., Inc.*, 174 F.3d 629, 635 (5th Cir. 1999) (stating that "negligence on the part of state officials does not suffice to make out any due process violation under the Fourteenth Amendment"). Negligence is simply insufficient to impose liability under § 1983. *Oliver v. Collins*, 914 F.2d 56, 60 (5th

4

Cir. 1990). Accordingly, plaintiff's claims of negligence against the Hospital and the unnamed nurse at the Dallas County Jail fail to state a claim upon which relief may be granted.[4]

On the other hand, with respect to the other defendants, plaintiff has adequately alleged the deprivation of a right secured by the Constitution and the laws of the United States. The Fourth Amendment of the United States Constitution protects individuals from excessive force during an arrest or other seizure. *See Graham v. Conner*, 490 U.S. 386, 395 (1989). The Fourteenth Amendment protects pre-trial detainees from unconstitutional conditions of confinement including deprivations of medical care, whereas the Eighth Amendment protects convicted inmates from cruel and unusual punishment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc). In addition, § 1983 provides a means to obtain liability against a supervisor in certain circumstances. *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). With respect to the first requirement for a § 1983 action against defendants Childree, Bowles, and Union Bank, plaintiff's allegations suffice to escape summary dismissal. The Court thus examines whether the alleged deprivations occurred under color of state law.

## B. <u>Deprivation Occurred Under Color of State Law</u>

The Supreme Court has set forth a two-part test to determine whether the deprivation of a federal right can fairly be attributable to the State: (1) "the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state [sic] or by a person for whom the State is responsible"; and (2) "the party charged with the deprivation

---

[4] The Court also notes that "[n]either the Federal Rules of Civil Procedure nor [42 U.S.C. § 1983] provides authority for joining fictitious defendants in this suit." *Taylor v. Federal Home Loan Bank Bd.*, 661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Because the Court lacks personal jurisdiction over such unidentified, fictitious defendants claims against such defendants are subject dismissal "pursuant to Fed. R. Civ. P. 12(b)(1) and (2)." *Id.* Consequently, any claim against the unnamed nurse is also subject to dismissal for lack of personal jurisdiction.

must be a person who may fairly be said to be a state actor," either "because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Private individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors, and 'private misuse of a state statute does not describe conduct that can be attributed to the State.'" *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (quoting *Lugar*, 457 U.S. at 941). Nevertheless, "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970)).

In this case, Jim Bowles as Sheriff of Dallas County is unquestionably a state actor. *See Brady v. Fort Bend County*, 145 F.3d 691, 701 (5th Cir. 1998) (holding that elected sheriff is a state actor after he takes office); *Daniels v. Bowles*, No. 3:03-CV-1555-D, 2004 WL 2479917, at *2 (N.D. Tex. Nov. 2, 2004) (findings, conclusions, and recommendation of magistrate judge), *adopted by* unpub. order (N.D. Tex. Dec. 2, 2004). Furthermore, whether Officer Childree was working on duty as an officer of the Richardson Police Department or off duty as a private security guard, his actions may be attributable to the State. *See Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001) (indicating that off duty police officer working as a private security guard may be shielded from § 1983 liability by qualified immunity). Likewise, Union Bank, as Childree's employer, may be considered a state actor in certain circumstances. *See id.* at 748-51.

At this stage in the litigation, the Court assumes without deciding that defendants Childree and Union Bank are state actors. As already stated, Sheriff Bowles is a state actor. Although the

6

Sheriff and the Bank may constitute state actors for purposes of § 1983, plaintiff sues Bowles only because of his status as Sheriff of Dallas County and Union Bank only for its failure to supervise its employee's security duties. His claims thus require the Court to initially examine whether plaintiff may obtain relief from these supervisory defendants before further considering his claims.

C. <u>Supervisory Liability</u>

Plaintiff sues Sheriff Bowles and Union Bank only because the Sheriff exercised supervisory authority over the Dallas County Jail and Union Bank employed Office Childree as a security guard.

In order to prevail against a supervisor under 42 U.S.C. § 1983, the plaintiff must show that (1) the supervisor's conduct directly caused a constitutional violation, or (2) the supervisor was "deliberately indifferent" to a violation of a constitutional right. *Breaux v. City of Garland*, 205 F.3d 150, 161 (5th Cir. 2000). It is well established that § 1983 provides no means to hold "supervisory officials . . . liable for the actions of subordinates on any theory of vicarious liability." *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 2001) (quoting *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir.1987)); *accord Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999) (holding that the acts of a subordinate "trigger no individual § 1983 liability"). There must be some showing of personal involvement by a particular individual defendant to prevail against such individual. *Champagne*, 188 F.3d at 314; *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Furthermore, to establish liability under § 1983 on a claim that a supervisor failed to supervise or train an officer,

> the plaintiff must show that: (1) [the supervisor] failed to supervise or train the officer; (2) a causal connection existed between the failure to supervise or train and the

7

> violation of the plaintiff's rights; and (3) the failure to supervise or train amounted to deliberate indifference to the plaintiff's constitutional rights.

*Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005).

### 1. *Sheriff Bowles*

In this instance, plaintiff alleges no personal involvement by Sheriff Bowles. He makes no allegations that the Sheriff directly caused the alleged constitutional violations, or that he was deliberately indifferent to a violation of plaintiff's constitutional rights. He makes no claim that Sheriff Bowles failed to train or supervise any officer. He identifies no specific incident or causative link between his claims and conduct on the part of Sheriff Bowles. He makes no allegations of any policy that impinged his constitutional or federally protected rights. Plaintiff's claims against Sheriff Bowles are based, if anything, on his supervisory role as Sheriff of Dallas County. (*See* Answer to Question 12 of MJQ.) Consequently, such claims should be dismissed because they fail to state a claim upon which relief may be granted.

### 2. *Union Bank*

Although plaintiff alleges personal involvement by Union Bank due to an alleged failure to supervise Officer Childree, he alleges no causal connection between the alleged failure to supervise and the alleged violation of his Fourth Amendment right to be free from excessive force during his arrest. In addition, plaintiff makes no allegation that the alleged failure to supervise amounts to deliberate indifference to his constitutional rights. From the facts alleged by plaintiff, the Court finds no basis to find that the Bank acted with deliberate indifference to plaintiff's rights. His claim against the Bank is merely premised on his allegation that, while employed by the Bank, Officer Childree fractured plaintiff's elbow while arresting him. Such premise is insufficient as a matter of

8

law to impose liability on the Bank under § 1983. Consequently, the claim against the Bank should be dismissed because it fails to state a claim upon which relief may be granted.

### D. Summary Regarding § 1983 Claims

For the foregoing reasons, plaintiff fails to state a viable claim against the Hospital, the unnamed nurse of the Dallas County Jail, Sheriff Bowles, or Union Bank. The only potentially viable claim brought pursuant to § 1983 lies with his claim of excessive force against Officer Childree. The Court thus examines whether that claim survives summary dismissal.

### IV. EXCESSIVE FORCE

Plaintiff alleges that Officer Childree used excessive force against him during his arrest on April 21, 2004. To prevail on a claim of excessive force, plaintiff must demonstrate that the use of force was not "applied in a good-faith effort to maintain or restore discipline", but instead, was used "maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320-321 (1986)). In this instance, plaintiff has sufficiently alleged that Officer Childree did not apply the force used against him in a good-faith effort to maintain or restore discipline. He has alleged that the exerted force resulted in a fractured elbow. Although the Court cannot yet determine whether the officer acted maliciously and sadistically to cause harm, plaintiff's allegations are sufficient to survive the frivolity screening.

### V. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and

9

1915A(b), except for the excessive force claim asserted against Officer Childree. That claim should proceed and process should issue to Officer Childree.

**SIGNED this 29th day of April, 2006.**

	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

	The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

	IRMA CARRILLO RAMIREZ
	UNITED STATES MAGISTRATE JUDGE