**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| EUGENE ERICKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:04-CV-2069-K (BH) |
| | § | |
| JERRY CHILDREE, | § | |
| | § | |
| Defendant. | § | Pretrial Management |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court is *Defendant's Motion and Brief for Summary Judgment on the Defense of Qualified Immunity* ("Mot."), filed on November 17, 2006. Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Defendant's motion should be **GRANTED.**

**I. BACKGROUND**

On April 21, 2004, at approximately 1:30 P.M., Mr. Eugene Erickson ("Plaintiff") entered the Credit Union of Texas in Richardson, Texas, and attempted to cash a check. (*Answers to Magistrate Judge's Questionnaire*, *Erickson v. Childree*, No. 3:04-CV-2069-K, 10 (N.D. Tex. filed Dec. 20, 2004) (hereinafter, "MJQ.") The teller assisting him suspected that the check was forged and notified the uniformed City of Richardson police officer on duty at the credit union, Mr. Jerry Childree ("Defendant"). (*Id.*; *Affidavit of Officer Jerry Childree*, *Erickson v. Childree*, No. 3:04-CV-2069-K, 1, ¶ 3 (N.D. Tex. filed Nov. 17, 2006) (hereinafter, "Affidavit.")) When Defendant

approached Plaintiff for questioning, Plaintiff fled and Defendant followed on foot. (Affidavit at 1, ¶ 3.) Defendant intercepted Plaintiff and escorted him back to the credit union for questioning. (*Id.*; MJQ at 10.)

Upon their return to the credit union, Plaintiff refused to enter the building despite repeated requests by Defendant that he do so. (Affidavit at 1-2, ¶ 4.) Defendant informed Plaintiff that he was under arrest and secured Plaintiff's hands behind his back. *Id.* Defendant avers that as he was reaching for his handcuffs, Plaintiff attempted to break free and punch him. *Id.* Defendant maintained his grip and heard a "snapping noise," upon which Plaintiff ceased his struggle and stated that his arm was broken. *Id.* Plaintiff maintains that the technique employed by Defendant was unnecessary and that the constant pulling and jerking of his arms was an excessive use of force. (*See* MJQ at 11.) Defendant avers that Plaintiff refused medical treatment while in his custody. (Affidavit at 1-2, ¶ 4.) Plaintiff later sought treatment at Richardson Regional Medical Center for the injuries he sustained during his encounter with Defendant. He was diagnosed with an acute fracture on his lower left elbow, specifically a fracture of the coronoid process and a tiny chip avulsion. (*See* MJQ at 4.) Plaintiff avers that he continues to experience severe pain and is unable to completely straighten his arm. (*Id.* at 9.)[1]

On September 23, 2004, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 seeking monetary damages. (*Amended Complaint*, *Erickson v. Childree*, No. 3:04-CV-2069-K (N.D. Tex. filed Oct. 13, 2004.)) The Court granted Plaintiff permission to proceed *in forma pauperis*. In an effort to flesh out his complaint, the Court sent him a Magistrate Judge's

---

[1]As a result of his actions at the Credit Union of Texas on April 21, 2004, Plaintiff later was convicted on two counts of forgery by check. (*Id.* at 1.) On June 22, 2004, he was sentenced to two concurrent one year state jail terms and was released on April 19, 2005. (*Id.* at 2.)

Questionnaire, which he returned on December 20, 2004. (*See* MJQ). On May 30, 2006, the District Court dismissed all claims against all defendants except Plaintiff's claim of excessive force against Defendant.

On November 17, 2006, Defendant filed the instant motion for summary judgment on the issue of qualified immunity. Plaintiff did not file a response.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S.

at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Id.* at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the pleadings of a plaintiff who is proceeding *pro se* must be liberally construed in his favor. *See Hurd v. Doe*, 2003 WL 21640569, *3 (N.D. Tex. July 10, 2003). However, under Rule 56 of the Federal Rules of Civil Procedure, the court does not have an obligation to "'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Crane v. Bowles*, 2004 WL 1057771, at *1 (N.D. Tex. May 6, 2004) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994)). Instead, "the party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim." *Id.* (citing *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

Where, as here, the nonmovant fails to respond to the motion for summary judgment, such failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). However, "[a] summary judgment

nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F.Supp.2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III. ANALYSIS

Defendant moves for summary judgment on the defense of qualified immunity. (Mot. at 1.) When a defendant seeks qualified immunity, "a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive." *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). This is because qualified immunity is an immunity from suit, rather than a defense to liability, and the immunity is effectively lost if a case is erroneously allowed to go to trial. *Id.* "Where it is not evident from the allegations of the complaint alone that the defendants are entitled to qualified immunity, the case will proceed to the summary judgment stage, the most typical juncture at which defendants entitled to qualified immunity are released from the threat of liability and the burden of further litigation." *Sneed v. Dixon*, 2007 WL 1202243, at *7 (N.D. Tex. Apr. 23, 2007) (Ramirez, J.) (citing *Johnson v. Breeden*, 280 F.3d 1308, 1317 (11th Cir. 2002)). If, after viewing the summary judgment evidence in the light most favorable to the plaintiff, a court concludes that there is a genuine issue of material fact as to the issue of qualified immunity, the case and the qualified immunity issue must proceed to trial. *Id.*

#### *1. Standard*

A state official who is sued for a constitutional violation pursuant to § 1983 may assert the

affirmative defense of qualified immunity. *White v. Taylor*, 959 F.2d 539, 544 (5th Cir.1992). Qualified immunity protects government officials performing discretionary functions from suit and liability for civil damages to the extent their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To determine whether Defendant is entitled to qualified immunity, the threshold question is whether, on the facts alleged by Plaintiff, a clearly established constitutional right would have been violated. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (citing *Saucier*, 533 U.S. at 200). Assuming the facts alleged by Plaintiff are true, if Defendant did not violate a constitutional right, the Court need inquire no further. *Saucier*, 533 U.S. at 201.

If, assuming the truth of the facts asserted, Plaintiff can show that his constitutional rights were violated, the Court must then determine whether Defendant's conduct was objectively reasonable in light of clearly established law at the time of the challenged conduct. *Id.*; *Glenn v. City of Tyler*, 242 F.3d 307, 312 (5th Cir. 2001). "Even if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable." *McClendon v. City of Columbia*, 258 F.3d 432, 438 (5th Cir. 2001). Qualified immunity ensures that before officers are subjected to suit, they are on notice their conduct is unlawful. *Saucier*, 533 U.S. at 206. "The law is deemed to be clearly established if the contours of a right asserted are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *White*, 959 F.2d at 544. Whether the conduct of which the plaintiff complains violated clearly established law is essentially a legal question. *Id*.

### *2. Constitutional Violation*

The threshold question to determine if Defendant is entitled to qualified immunity is whether, on the facts alleged by Plaintiff, a clearly established constitutional right would have been violated. *See Brosseau*, 543 U.S. at 197. Plaintiff' sworn *Answers to the Magistrate Judge's Questionnaire* state that after attempting to cash a check that failed to clear, he exited Union Bank of Texas but was escorted back inside by Defendant upon the bank teller's suspicion of forgery.[2] (MJQ at 10.) Plaintiff averred that Defendant "rapidly pulled [his] arm back and fractured [his] elbow." *Id.* According to Plaintiff, Defendant continued to pull and jerk his arms while restraining him in handcuffs. (*Id.* at 11.) Plaintiff avers that as a result of the injuries caused by Defendant, he was diagnosed at Richardson Medical Center with an "acute fracture, lower elbow (coronoid process and tiny chip avulsion.)" (*Id.* at 4.) Defendant does not deny that Plaintiff received injuries on April 21, 2004. He avers that he heard a "snapping noise" when Plaintiff attempted to free himself from Defendant's grip. (Affidavit at 2.) Defendant further avers that Plaintiff said his arm was broken. *Id.*

Given the extent of Plaintiff's injuries he allegedly received as a result of Defendant's use of force, he has alleged more than *de minimus* injuries. *See Hudson v. McMillian*, 503 U.S. 1, 10 (1992) (bruising, swelling, loosened teeth and broken dental plate were not *de minimis* injuries in excessive force case). Assuming that the facts alleged by Plaintiff are true, he has met his burden to allege a violation of his clearly established constitutional right to be free from unreasonable

---

[2]Although Plaintiff did not file a response to Defendant's motion, his *Answers to the Magistrate Judge's Questionnaire* constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). Since the *Answers* were submitted under the penalty of perjury, they may be considered as competent summary judgment evidence. *See Barnes v. Johnson*, 2006 WL 3102343, at *1 (5th Cir. 2006), slip copy (verified complaint may serve as competent summary judgment evidence).

seizure and the use of excessive force under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989).

### 3. *Clearly Established Constitutional Right*

Having alleged a constitutional violation of excessive force on April 21, 2004, Plaintiff must, under the second step of qualified immunity analysis, show that Defendant's conduct was objectively unreasonable in light of clearly established law at the time of the challenged conduct. *Saucier*, 233 U.S. at 201. "[A]ll claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *Graham*, 490 U.S. at 395. The issue of reasonableness centers on whether the officer's actions were "objectively reasonable" in light of the facts and circumstances with which he is faced, without regard to the officer's underlying intent or motivation. (*Id*. at 397). Whether the use of force is reasonable "must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." (*Id*. at 396.) "In applying *Graham*, the Fifth Circuit has used a three-part test for § 1983 excessive force claims, requiring a plaintiff to show (1) an injury, which (2) resulted directly and only from the use of force that was clearly excessive to the need; and (3) the excessiveness of which was objectively unreasonable." *Thomas v. Murray*, 107 F.Supp.2d 748, 757 (N.D. Tex. 2000) (citing *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992.))

Plaintiff satisfies the first step of establishing a claim of excessive force under § 1983 by showing an injury. *See Thomas*, 107 F.Supp.2d at 757. An "injury" means "damage or harm to the physical structure of the body." *Knight*, 970 F.2d at 1433. Plaintiff avers that he was diagnosed with a fractured left elbow at the Richardson Regional Medical Center after his encounter with

- 8 -

Defendant. (MJQ at 4,11.)

Plaintiff next must show that his injuries resulted directly and only from Defendant's use of force that was clearly excessive to the need. *See Thomas*, 107 F.Supp.2d at 757. Plaintiff avers that he received his injuries as a result of Defendant's use of force. (*See* MJQ at 1-2.) Defendant does not contest that Plaintiff's fractured elbow occurred during his attempt to restrain him. (*See* Affidavit at 1-2, ¶ 4) He avers that he heard a "snapping noise" when Plaintiff attempted to spin out of his grip. *Id*. He also avers that immediately after the snapping noise, Plaintiff stated that his arm was broken. *Id*. Thus, Plaintiff's fractured elbow resulted directly and only from Defendant's use of force.

However, Plaintiff has not met his burden to show that Defendant's use of force was excessive to the need to restrain him. In order for Plaintiff to create a genuine issue of material fact, he must show that a reasonable trier of fact could resolve the factual issue in his favor. *Anderson*, 477 U.S. at 249. Plaintiff's conclusory, unsubstantiated statement that Defendant's use of force was unnecessary to apprehend him does not provide competent summary judgment evidence to controvert Defendant's sworn statement that Plaintiff attempted to break free to punch Defendant, and that the use of force was necessary to restrain him. *Little*, 37 F.3d at 1075. Given Plaintiff's lack of evidence, a reasonable trier of fact could not conclude that Defendant's use of force was unnecessary. Plaintiff has therefore failed to show that a genuine issue of material fact exists as to whether Defendant's use of force was excessive to the need to restrain him. *Celotex*, 477 U.S. at 323-24.

Even if the Court were to find that a genuine issue of material fact existed as to whether Defendant's use of force was excessive, however, Defendant's conduct was objectively reasonable

in light of the facts and circumstances of the April 21, 2004 incident. *Thomas*, 107 F.Supp.2d at 757. "[T]he right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. Whether the force used was objectively unreasonable depends on the facts and circumstances of the particular case and includes the (1) the severity of the crime, (2) whether the suspect posed an immediate threat to the safety of the officer or others, and (3) whether the plaintiff was actively resisting arrest or was attempting to evade arrest. *Gutierrez v. City of San Antonio*, 139 F.3d 441, 447 (5th Cir. 1998) (citing *Graham*, 490 U.S. at 396.) The reasonableness of a particular use of force is judged from the perspective of a reasonable officer on the scene, rather than with the benefit of 20/20 hindsight. *Graham*, 490 U.S. at 396.

Given Defendant's sworn affidavit and the lack of any responsive pleading by Plaintiff or additional evidence in Plaintiff's favor beyond his *Answers to the Magistrate Judge's Questionnaire*, the Court determines that Defendant's conduct was objectively reasonable. After being notified by a bank teller that Plaintiff might be attempting to cash a forged check, Defendant approached Plaintiff for questioning. (Affidavit at 1, ¶ 3.) Plaintiff fled and exited the bank, and Defendant, who was in his full police uniform, pursued on foot. *Id*. Defendant caught up to Plaintiff and convinced him to return to the bank for questioning. *Id*. When the parties reached the bank doors, Plaintiff refused to enter despite Defendant's repeated requests. At this point, Defendant informed Plaintiff that he was under arrest and was being detained. (*Id*. at 1-2, ¶ 4.) Defendant employed a technique with which he was very familiar to secure Plaintiff's hands. (*Id*. at 2, ¶ 5.) After Plaintiff's hands were secured behind his back, but before they were restrained with handcuffs, Plaintiff attempted to spin out of Defendant's grip and punch Defendant. (*Id*. at 1-2, ¶ 4.)

Defendant maintained his grip so that Plaintiff could not break free, and at this point Plaintiff fractured his elbow. *Id.* Based on the perceived immediate threat Plaintiff posed to the safety of Defendant, and based on his active attempt to evade or resist arrest, Defendant's use of physical force to restrain Plaintiff was objectively reasonable. *Gutierrez*, 139 F.3d at 447. Because Plaintiff lacks controverting summary judgment evidence, nothing in his pleadings indicates that Defendant's actions were objectively unreasonable. Since the perspective of a reasonable officer on the scene controls, Defendants use of force was reasonable to respond to what he believed was a dangerous situation and an imminent physical assault from Plaintiff. *See Graham*, 490 U.S. at 396.

Accordingly, the Court finds that Defendant is entitled to the defense of qualified immunity for Plaintiff's claim of excessive force on April 21, 2004. *McClendon*, 258 F.3d at 438.

## IV. CONCLUSION

For the reasons stated above, the Court recommends that *Defendant's Motion and Brief for Summary Judgment on the Defense of Qualified Immunity* be **GRANTED**.

**SO RECOMMENDED** on this 21st day of May, 2007.

**IRMA CARRILLO RAMIREZ**
**UNITED STATES MAGISTRATE JUDGE**

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE